Archibald C. Wemple, J.
The plaintiff herein sued the defendant for the sum of $246 allegedly due for the manufacture and delivery of four police overcoats ordered by the defendant for his customers. The overcoats were ordered upon specification order blanks and from model photographs supplied by the plaintiff. The measurements were taken by the defendant and written on the order blank by him, and reference was made *138 to a specific model number. The goods were ordered on or about November 6,1954, delivered to the defendant on or about December 1,1954 and returned by the defendant to the plaintiff on or about March 18, 1955.
The testimony shows that on or about December 16,. 1954 the defendant phoned the plaintiff concerning the goods. The substance of that conversation is not in the record. The plaintiff’s credit manager, in his deposition, however, testified as follows: ‘ ‘ The defendant phoned and told us that he was having difficulty in making delivery of the overcoats and we offered to cooperate with him in his attempt to make that delivery. On December 16, 1954 we confirmed the phone conversation and wrote to him offering to allow $5.00 or so on each overcoat, and stated that with this inducement he should be able to make delivery.”
In his testimony, the defendant testified that the coats were examined by him when received, and that the material 11 seemed a little inferior ’ ’ and the overcoats were returned by him to the plaintiff 1 ‘ because of the inferior look in the material and the workmanship which was very bad.”
Certainly the defendant, under the circumstances and under the law, was entitled to a reasonable opportunity, after delivery, to inspect the goods manufactured by the plaintiff. The defendant was entitled to an additional reasonable time in which to return the goods after such inspection if they did not conform to the contract. The testimony clearly points out that the defendant did communicate with the plaintiff by telephone. Unfortunately, the testimony does not indicate with whom the defendant spoke on the telephone or the contents of this conversation. However, the only inference to be drawn from the testimony of the plaintiff’s credit manager is that the conversation in question pointed up the lack of acceptability of the overcoats by the customers for whom they were made by the plaintiff herein.
Furthermore, the plaintiff clearly indicated his attitude so sympathetic with the situation that he volunteered a discount of “ $5.00 or so” on each overcoat in order to effectuate delivery.
Certainly, if the goods had been made up according to the measurements, specifications and style contained in the order, it is not expected that there would have been any reason for the plaintiff to reduce the price stated in the contracts.
Upon the facts brought out in the testimony and the inferences naturally to be drawn therefrom, this court finds that the defendant promptly inspected the goods in question and did *139 promptly inform the plaintiff of their lack of approval. It is obvious that the defendant did not perform any act showing an intention to retain the goods or exercise control over them. Therefore, he did not accept them within the meaning of section 129 of the Personal Property Law.
Section 129 of the Personal Property Law reads as follows: “ The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them. ’ ’
The “cooperation” referred to by the plaintiff’s credit manager and its willingness to participate to the extent indicated therein signified that the goods had not been accepted by the defendant because they failed, in some respect, to meet the specifications.
This court finds that the defendant did not intimate acceptance by his action in retaining the goods nor in using them.
The judgment of the court below is affirmed. Submit order accordingly.